UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TAYLOR, ) | Case No. 1:09CV1829 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | Magistrate Judge George J. Limbert |
| v. ) | |
| ) | |
| MAGGIE BRADSHAW, Warden, ) | |
| ) | **INTERIM REPORT AND** |
| ) | **RECOMMENDATION OF** |
| Respondent ) | **MAGISTRATE JUDGE** |
| ) | |

On August 5, 2009, Michael Taylor ("Petitioner") filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from a judgment of conviction entered by the Lorain County, Ohio Court of Common Pleas for felonious assault and two counts of attempted aggravated arson. ECF Dkt. #14-1. On July 28, 2010, Warden Maggie Bradshaw ("Respondent") filed the instant motion to dismiss. ECF Dkt. #14. On August 26, 2010, counsel for Respondent filed a notice of service indicating that it had been brought to her attention that Petitioner may not have received the motion and exhibits and thus she had provided those documents to Petitioner in the care of Respondent, since Respondent is the Warden of the institution that houses Petitioner. ECF Dkt. #15.

On September 30, 2009, this case was referred to the undersigned to issue a Report and Recommendation. As of the drafting of the instant Report and Recommendation, Petitioner has not filed a response to Respondent's motion to dismiss. However, for the following reasons, the undersigned recommends that the Court DENY Respondent's motion to dismiss. ECF Dkt. #14.

Respondent moves this Court to dismiss Petitioner's federal habeas corpus petition in its entirety because it presents both exhausted and unexhausted grounds for relief. ECF Dkt. #14, citing *Rose v. Lundy*, 455 U.S. 509 (1982). Respondent suggests in the alternative that Petitioner withdraw his sixth and seventh grounds for relief. ECF Dkt. #14 at 2. Respondent asserts that the Court should deny any request by Petitioner to stay his petition pending exhaustion of his sixth and seventh grounds for relief because he has not demonstrated that he has good cause for his failure to exhaust

them.  *Id.*, citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Petitioner presents the following grounds and supporting facts in his sixth and seventh grounds for relief:

> GROUND SIX
>
> The sentence imposed was not authorized by law and did not conform to the statutory mandates, as such the sentence was void and a nullity and in violation of the Fifth, Sixth and Fourteenth Amendment[sic] to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.
>
> SUPPORTING FACTS
> At the sentencing hearing and in the court's judgment entry of conviction, the trial court incorrectly indicated to defendant that defendant would be on post-release control for a period of five years.  However, the offenses defendant was found guilty of called for a mandatory three years of post-release control.  The trial court provided inconsistent and inaccurate information regarding the duration of the post-release control.  Since the period of post-release control is a part of the judicially imposed sentence, it follows that the trial court must correctly notify the offender of the maximum duration of post-release control that is part of his sentence.  The trial court failed to notify the defendant he would be subject to a mandatory period of three years of post-release control, the sentence is contrary to law, as such the sentence would be void.
>
> GROUND SEVEN
> The trial court has failed to impose a valid sentence within a reasonable time after conviction in violation of the Fifth, Sixth and Fourteenth Amendment[sic] to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.
>
> SUPPORTING FACTS
> The trial court has failed to impose a sentence which is authorized by law.  The sentence imposed, August 2, 2006, would be void and a nullity.  The trial court has disregarded what the law clearly commands, that being the impostition[sic] of a nondiscretionary sanction required by a sentencing statute.  This is fundamental to the understanding that no court has the authority to substitute a different sentence for that which is required by law.

ECF Dkt. #1 at 6-7.  Following these two grounds for relief, Petitioner noted that he had not presented these issues in state court, explaining that:

> Defendant has been recently made aware of a line of Ohio Supreme Court cases, as current as 2009, dealing with post-release control where it has been consistently held that failure to properly impose a mandatory term of post-release control renders a sentence void.  This stems from the fundemental[sic] undersatnding[sic] that no court has the authority to substitute a different sentence for that which is required by law.  If a sentence does not conform to the statutory mandates requiring the imposition of post-release control is a nullity and void, it must be vacated.  Defendant will submt a Motion to Vacate and Correct a Void Sentence, raising these very issues on or before August 21, 2009 and will notify this Court filing has been made.

*Id.* at 7-8.

On August 26, 2009, Petitioner filed a notice with this Court indicating that he had sent a motion to vacate and correct a void sentence to the Lorain County Court of Common Pleas and he attached a copy of that motion to his notice to this Court. ECF Dkt. #4.

Respondent had filed a prior motion to dismiss the instant case for failure to exhaust issues in the state court on January 11, 2010, but withdrew that motion to dismiss on June 9, 2010. ECF Dkt. #12. Respondent indicated in her motion to withdraw that the Ohio Ninth District Court of Appeals had affirmed Petitioner's sentence on March 8, 2010, which rendered her motion to dismiss moot. *Id.* Respondent thereafter filed a second motion for an extension of time within which to file an answer to Petitioner's § 2254 petition. ECF Dkt. #13. The Court granted the motion to withdraw and the motion for an extension of time. *See* ECF Dkt. Nondocument Entries 6/9/2010.

On July 28, 2010, Respondent filed the instant "renewed" motion to dismiss. ECF Dkt. #14. In the motion, Respondent explained that at the time that she filed her motion to withdraw her previously filed motion to dismiss, she was unaware of any pending and unexhausted claims filed by Petitioner in the state court. *Id.* at 1. Respondent indicated that on March 25, 2010, the Ohio Ninth District Court of Appeals had denied Petitioner's motion for extension of time in which to file a motion for the state appellate court to reconsider its March 8, 2010 judgment in Case Number 09CA9663. *Id.* at 2. Respondent further explained that the appellate court then granted Petitioner's subsequent motion requesting that the court reconsider its March 25, 2010 judgment. *Id.* Respondent indicated that Petitioner then filed a second motion for reconsideration in the Ninth District Court of Appeals on July 13, 2010 and that motion is still currently pending. *Id.*

Respondent concludes that Petitioner's federal habeas corpus petition before this Court is therefore a mixed petition, containing exhausted and unexhausted claims, and should therefore be dismissed. ECF Dkt. #14 at 2. Alternatively, Respondent asserts that Petitioner can withdraw his sixth and seventh unexhausted grounds for relief and the Court should deny any request to stay those claims pending exhaustion because Petitioner has not demonstrated that his claims are meritorious or that he has good cause for his failure to exhaust them. *Id.* at 2, citing *Rhines*, 544 U.S. at 277.

The undersigned has reviewed the docket of Petitioner's appeal in Case Number 09CA9663 and found the docket information relating to the July 13, 2010 motion for reconsideration that

-3-

Petitioner filed in that case for which Respondent moves for dismissal for failure to exhaust in this case. *See http://cp.onlinedockets.com/loraincp/case_dockets/docket.aspx?CaseID=248621*. This Court takes judicial notice of this docket, which indicates that the Ninth District Court of Appeals denied Petitioner's July 13, 2010 motion for reconsideration on August 4, 2010 in Appellate Case Number 09CA9663. *Id*.

Based upon the Ninth District Court of Appeals August 4, 2010 ruling denying Petitioner's motion for reconsideration, the undersigned recommends that the Court DENY Respondent's July 28, 2010 renewed motion to dismiss. ECF Dkt. #14. A review of Petitioner's underlying criminal case in the Lorain County Court of Common Pleas, Case Number 06CR70891, shows that Petitioner has a pending appeal in the Ninth District Court of Appeals from the trial court's denial of his motion to correct his sentence. *See http://cp.onlinedockets.com/loraincp/case_dockets/docket.aspx?CaseID=105095*. Petitioner filed this appeal on October 15, 2010 and the new appellate court case number is 10CA9904. *See http://cp.onlinedockets.com/loraincp/case_dockets/docket.aspx CaseID=268406*. Despite this pending state court proceeding, the undersigned must nevertheless recommend that the Court deny Respondent's instant motion because Respondent limited the scope of the instant motion to dismiss to address only the July 13, 2010 motion filed by Petitioner in appellate court case 09CA9663.

**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court DENY Respondent's July 28, 2010 renewed motion to dismiss. ECF Dkt. #14.


Date: October 20, 2010                    */s/George J. Limbert*
                                          GEORGE J. LIMBERT
                                          UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).